UNITED STATES of America, Plaintiff,

v.

ONE 1945 DOUGLAS (C–54–DC–4)
AIRCRAFT, Defendant.

No. 78–0050–CV–W–1.

United States District Court,
W. D. Missouri, W. D.

Dec. 11, 1978.

Ronald S. Reed, Jr., U. S. Atty., Kenneth Josephson, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Philip F. Cardarella, Kansas City, Mo., for intervenor.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Chief Judge.

This is a civil forfeiture action filed by the government under 21 U.S.C. §§ 841(a)(1) and 881(a)(4) (1976). Jurisdiction is based upon 28 U.S.C. §§ 1345 and 1355.

The case is before the Court for final judgment on cross-motions for judgment on the pleadings filed by intervenor and the government. Because the parties have stipulated that we may rule the case on the basis of the stipulations, affidavits, and depositions filed in this case, and it is stipulated that no party wishes to adduce any additional evidence in support of its position, we will treat the cross-motions for judgment on the pleadings as motions for summary judgment. For reasons we shall state, the government's motion for summary judgment will be granted and intervenor's motion will be denied.

The complaint in this case was filed on January 20, 1978. On February 9, 1978, J. Michael Stumpff, identifying himself as "intervener" [sic], filed a claim and answer to complaint for forfeiture. Besides various discovery filings, on May 15, 1978, Stumpff, identifying himself as the defendant in this case, moved for an extension of time in which to file a motion to suppress. On June 9, 1978, treating Stumpff's original filing as a motion for leave to intervene, we granted intervention.

On July 12, 1978, intervenor moved for judgment on the pleadings and to suppress evidence. On July 21, 1978, the parties filed Standard Pretrial Order No. 2, stipulating nearly all of the facts necessary to decide this case. On July 24, 1978, the government filed suggestions in opposition to intervenor's motions and filed the government's cross-motion for judgment on the pleadings. On December 6, 1978, the parties stipulated that "the depositions of Albert and Janice Kammerer previously filed in this cause . . . are admitted into evidence and may be considered by the court in reaching its decision on this matter." [1] In addition, the parties stipulated that "neither side desires to elicit any additional testimony or exhibits above those previously filed herein and expressly waives

---

1. These depositions were never filed in this Court. In order to make the record complete, we will order the Clerk to file the copies of

these depositions which were supplied to the Court on December 1, 1978.

its right to any further hearing or trial opportunity."

The government seeks to forfeit defendant aircraft under 21 U.S.C. § 881(a)(4):

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\* \* \* \* \* \*

(4) all conveyances, including aircraft, . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances possessed or distributed in violation of this subchapter].

The government argues that it has demonstrated that the aircraft to be seized was intended to be used to transport marijuana and therefore should be forfeited. In addition, the government argues that intervenor has no standing to intervene in this case because, although he is the record owner of the aircraft, he is not its true owner. Intervenor argues that 21 U.S.C. § 881(a)(4) "cannot be construed as supporting forfeiture" and if so construed, would be unconstitutional as applied.

We find and conclude that the intended use of this aircraft was to transport marijuana illegally. Intervenor has filed an affidavit which states that he is the owner of the aircraft. However, the government's evidence shows, and we find, that Albert Kammerer put up the money for the plane and agreed to put the plane in intervenor's name. The depositions of Albert and Janice Kammerer confirm this. Moreover, the wiretap evidence and the Kammerer depositions clearly show that the aircraft to be forfeited was intended to be used to transport marijuana illegally.

We also conclude as a holding of law that forfeiture is proper under 21 U.S.C. § 881(a)(4), and specifically reject intervenor's argument that the statute does not cover this situation. We have reviewed the cases cited by intervenor and find them either unpersuasive or inapplicable.

The only case which tends to support intervenor's position that a vehicle must actually have been used in the commission of a crime before it can be forfeited is *United States v. One 1972 Datsun*, 378 F.Supp. 1200 (D.N.H.1974). We do not believe that that case properly construed the statute whose clear language we are bound to apply if constitutional.

The Court of Appeals for the Second Circuit rejected the same argument in *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421 (2d Cir. 1977); the court stressed the expansive language of § 881(a)(4) in reversing a district court which had relied on *One 1972 Datsun* to deny forfeiture. We agree with the Court of Appeals for the Second Circuit that the "employment [of this language] in a statute specifically addressed to the problem of drug abuse patently indicates the congressional intent to broaden the applicability of the forfeiture remedy it provided." *Id.* at 425.

The Supreme Court cases cited by intervenor do not vary the statutory language that vehicles intended to be used in narcotics trafficking can be forfeited. Intervenor quotes the Supreme Court in *United States v. United States Coin & Currency*, 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1045, 28 L.Ed.2d 434 (1971), for the proposition that forfeiture statutes were intended to penalize only those "who are significantly involved in a criminal enterprise." That language can not provide intervenor any comfort, however, because we have found that defendant aircraft was intended to be used to transport drugs illegally.

Moreover, the other Supreme Court case relied on by intervenor stresses the breadth of such statutes while upholding their applicability and constitutionality. The Court authorized the forfeiture of a leased yacht which had been used to transport drugs even though the yacht's owner "was neither involved in nor aware of the act of the lessee which resulted in the forfeiture." *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 664, 94 S.Ct. 2080, 2082, 40 L.Ed.2d 452 (1974). The Court upheld against constitutional attack a statute virtually identical to 21 U.S.C. § 881(a), suggesting approvingly that:

"[f]orfeiture of conveyances that have been used—*and may be used again*—in violation of the narcotics laws fosters the purposes served by the underlying criminal statutes, both by preventing *further* illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable." Id. at 686–87, 94 S.Ct. at 2094 (emphasis added).

We see nothing in *Calero-Toledo* which would forbid forfeiture in this case. Indeed, the language quoted above seems to confirm the applicability of the statutes in cases like this.

Intervenor also argues that this statute cannot constitutionally be applied to the facts of this case. His due process arguments are refuted by *Calero-Toledo, supra,* and *United States v. Coin & Currency, supra,* and cases cited therein. Intervenor has cited no cases which even suggest the statute is unconstitutional where the vehicle is to be forfeited because it was intended to be used to transport controlled substances in the future. Intervenor's arguments based on *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), and the First Amendment are unpersuasive. We conclude that the statute is constitutional.

Because we have found that this aircraft was to be used to transport marijuana illegally, that the statute applies, and that the statute is constitutional, the aircraft will be forfeited. It is unnecessary to decide who "owns" the aircraft because no claimant has made a valid defense to the forfeiture.

Finally, intervenor has moved to suppress any evidence arising from a search of his residence by State officers. Intervenor cites no cases in support of his motion and does not seek to produce any evidence. We find and conclude that the motion should be denied.

Accordingly, and for the reasons stated, it is

ORDERED (1) that the deposition of Albert and Janice Kammerer shall be filed by the Clerk of the Court as part of the record in this case. It is further

ORDERED (2) that the motion to suppress filed by intervenor should be and the same hereby is denied. It is further

ORDERED (3) that intervenor's motion for judgment on the pleadings, construed as a motion for summary judgment, should be and the same hereby is denied. It is further

ORDERED (4) that the government's motion for judgment on the pleadings, construed as a motion for summary judgment, should be and the same hereby is granted. It is further

ORDERED (5) that the 1945 Douglas (C–54–DC–4) aircraft, Serial Number 22186, should be and the same hereby is forfeited to the United States.