UNITED STATES of America, Appellee,

v.

ONE 1945 DOUGLAS C–54 (DC–4) AIRCRAFT, SERIAL NUMBER 22186

J. Michael Stumpff, Appellant.

No. 80–1371.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1980.

Decided May 11, 1981.

Rehearing and Rehearing En Banc Denied June 8, 1981.

Philip F. Cardarella, argued, Katheryn Shields, Kansas City, Mo., for appellant-intervenor.

Ronald S. Reed, Jr., U. S. Atty., Kenneth Josephson, Asst. U. S. Atty., argued, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, BENNETT,* Court of Claims Judge, and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

Appellee, United States of America, instituted forfeiture proceedings, pursuant to 21 U.S.C. § 881(a)(4), against One 1945 Douglas C–54 (DC–4) Aircraft, Serial Number 22186. Appellant, J. Michael Stumpff, was granted leave to intervene and challenge the forfeiture. Based on stipulations, affidavits and documentary evidence, each party moved for summary judgment. The district court, finding the aircraft subject to forfeiture, granted appellee's motion and entered judgment accordingly. *United States v. One 1954 Douglas C–54 (DC–4) Aircraft*, 461 F.Supp. 324 (W.D.Mo.1978).

Stumpff appealed from that judgment, challenging the constitutionality of 21 U.S.C. § 881(a)(4) as applied. This court, without addressing the constitutional challenge, remanded for the district court to determine whether Stumpff had standing to contest the forfeiture. *United States v. One Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27 (8th Cir. 1979). After receiving additional stipulations and documentary evidence, the district court[1] found that Stumpff was not the true owner of the aircraft. For that reason, it concluded Stumpff lacked standing and entered judgment dismissing his intervention. He now challenges that judgment and we affirm.

The forfeiture which Stumpff contests resulted from a Drug Enforcement Administration (DEA) investigation into suspected illegal drug trafficking of Stumpff and one Albert Kammerer. According to the DEA, Stumpff and Kammerer obtained the forfeited aircraft to facilitate their drug trafficking. Kammerer has not contested the aircraft's forfeiture.[2]

The record before the court on Stumpff's first appeal showed the following:

1. A Federal Aviation Administration registration certificate issued in Stumpff's name and covering the forfeited aircraft.

2. A statement of expenses incurred by Stumpff, but not paid, for maintenance and storage of the aircraft.

3. A receipt given to Stumpff in exchange for a $10,000.00 deposit he made on the aircraft's purchase price.

4. The aircraft's bill of sale listing Stumpff as the purchaser.

5. Wiretapped conversations between Stumpff and Kammerer in which Kammerer agreed to supply the purchase money for the aircraft.

6. Statements by Kammerer's wife indicating that she discussed with Stumpff the possibility of Kammerer purchasing an aircraft.

7. Kammerer's statements that although title to the aircraft was in Stumpff's name, he considered himself the owner.

---

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

1. The Honorable John W. Oliver, then Chief Judge, Western District of Missouri.

2. For a more detailed discussion of the facts surrounding this case see *United States v. One Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27 (8th Cir. 1979).

8. A blank bill of sale, given by Stumpff to Kammerer at his request, and used by Kammerer as collateral to obtain bond money.

Presented with this evidence, the court doubted that Stumpff had standing to contest the forfeiture. *Id.* at 28. In remanding, the court said that if

it is established that title to the aircraft was placed in Stumpff's name merely as a subterfuge to conceal the financial affairs and drug dealings of Kammerer, then Stumpff's intervention should be dismissed.

*Id.* at 29.

On remand, the district court was presented the following new evidence and stipulations:

1. Receipts showing that Stumpff purchased deicer boots for the aircraft. This equipment was never delivered and was not with the aircraft when it was seized.

2. Receipts showing that Stumpff paid $50.00 for two months storage of the aircraft and $375.00 for certain other storage and maintenance.

3. Receipts showing that Stumpff, through his brother, rented equipment to use in repairing the aircraft.

4. Stumpff failed to pay monthly maintenance charges on the aircraft in accordance with an agreement between himself and the government.

The district court, after reviewing the evidence before it, concluded that Stumpff lacked standing to contest the forfeiture. It said,

[W]e expressly find that title to the aircraft was in fact placed in Stumpff's name merely as a subterfuge to conceal the financial affairs and drug dealings of Kammerer. In short, we find that Kammerer, and not Stumpff, was the true owner of the aircraft and that Stumpff did not have standing to intervene.

*United States v. One 1954 Douglas C-54 (DC-4) Aircraft,* No. 78-0050-CV-W-1, mem. op. at 2 (W.D.Mo. April 18, 1980). We find this conclusion supported by the evidence and not clearly erroneous.

To contest a forfeiture, one must have an ownership interest in the res. *United States v. Fifteen Thousand Five Hundred Dollars ($15,500.00) United States Currency,* 558 F.2d 1359, 1361 (9th Cir. 1977); *General Finance Corp. v. United States,* 333 F.2d 681, 682 (5th Cir. 1964); *see United States v. Eleven Thousand Five Hundred and Eighty Dollars ($11,580) In United States Currency,* 454 F.Supp. 376, 381 (M.D.Fla.1978). An ownership interest, of course, may be evidenced in a number of ways including showings of actual possession, control, title and financial stake.

On Stumpff's first appeal, the court, in examining his interest in the res, said the following:

While it is true that Stumpff delivered the purchase money to the seller and listed himself as the purchaser on the bill of sale for the aircraft, the district court found that Kammerer put up all of the purchase money. And Kammerer stated in his deposition that he considered himself the aircraft's owner. When questioned by the government as to why the bill of sale and FAA registration certificate bore Stumpff's name, Kammerer first testified that he 'didn't particularly want to own an airplane.' Further questioning revealed that he lacked 'the financial capability other than holding money' to be listed as the aircraft's owner on public documents.

The mere fact that the certificate of aircraft registration was issued to Stumpff does not determine rights of ownership in the aircraft as between Kammerer and Stumpff. Such certificates are issued for registration purposes only and are not certificates of title. Significant is the fact that on January 1, 1978 Stumpff, at Kammerer's request tendered a blank bill of sale for the aircraft to Kammerer. Kammerer did not complete the document or register it with the FAA so as to openly transfer title to himself, but instead used it as collateral to obtain bond money after his arrest. This transaction seems to indicate that Kammerer, and not Stumpff, exercised

dominion and control over the aircraft and thus was its true owner.

604 F.2d at 29 (footnote omitted).

 The evidence subsequently presented to the district court is consistent with Kammerer's dominion and control. As the district court pointed out, that evidence, like the purchase of the aircraft, suggests that Stumpff was Kammerer's front-man. That was the precise reason title to the aircraft was placed in Stumpff's name.[3] Kammerer controlled the aircraft, as evidenced by his using it for collateral, and he paid for it.

We agree with the district court that Stumpff was not the true owner of the aircraft. Accordingly, we affirm the district court's judgment dismissing Stumpff's intervention.

---

3. In other circumstances, it is possible that a bill of sale and registration certificate might be sufficient to establish an ownership interest. *United States v. One (1) Douglas A–26B Aircraft*, 436 F.Supp. 1292, 1295–96 (S.D.Ga.1977).