51 F.3d 117
 32 Fed.R.Serv.3d 68
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF PROPERTY LOCATED AT TRACTS 10 AND 11 OF
LAKEVIEW HEIGHTS, CANYON LAKE, COMAL COUNTY, TEXAS, with all
appurtenances and improvements thereon; One Parcel of
Property located at Tract 12 of Lakeview Heights, Canyon
Lake, Comal County, Texas, with all appurtenances and
improvements thereon; One Parcel of Property commencing
with the SE Corner Government Lot 1, Section 203430, N 1693
Feet N 80 Degrees, W 116 Feet to the beginning, N 80 Degrees
W 200 Feet, N 348 Feet, Easterly Along the Shore 200 Feet S
348 Feet to the beginning, Door County, Washington Island,
Wisconsin, with all appurtenances and improvements thereon,
Defendants-Appellants.
 No. 94-1459.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 17, 1994.
Decided March 17, 1995.
 
 Richard Johnson, Sioux Falls, SD, argued, for appellants.
 LeAnn Larson Finke LaFave, Sioux Falls, SD, argued, for appellee.
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 Carl and Ingrid Johnson appeal the district court's denial of their motion to set aside the default judgment and decree of forfeiture of real estate purchased and owned by their son, Bruce Johnson. The district court[1] held that the Johnsons[2] did not have standing to contest the forfeiture because they had no ownership interest in the property. The Johnsons argue that they constructively owned the property through possession and improvement and that the district court erred in denying their innocent owner defense to the forfeiture action.[3] We affirm.
 
 
 2
 In 1988, Bruce Johnson paid $50,000 cash for a small house on Washington Island, Wisconsin.[4] Bruce never lived on the property. However, he allowed his parents to live on the property, which they did until the forfeiture. From the date of purchase until the date of forfeiture, Bruce was the only record title holder and paid taxes on the property. In 1992, Bruce pled guilty to drug charges, and the court determined that he purchased the house with drug proceeds. The Johnsons claim they did not know that any of the purchase monies were drug proceeds or that Bruce was involved with drugs. The government brought this civil forfeiture action and served copies of the verified complaint and accompanying documents, including the amended warrant of arrest in rem on Bruce, on the property now in dispute, and on the Johnsons, as parties in possession. The Johnsons received this notice on May 6, 1992. The warrant of arrest in rem provided that:
 
 
 3
 All persons claiming an interest in said property shall file their claims within ten (10) days after the execution of the Warrant or notice of this seizure, whichever occurs first, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their answers within twenty (20) days after the filing of the claim with the Office of the Clerk, United States District Court, District of South Dakota, Southern Division, Sioux Falls, South Dakota, with a copy thereof sent to Assistant United States Attorney Mary T. Wynne, P.O. Box 1073, Sioux Falls, South Dakota 57101.
 
 
 4
 Acting on the advice of Ronald Zipp, Bruce's attorney in the criminal proceedings, the Johnsons elected not to file an answer in the civil forfeiture proceeding, and instead filed with the United States Attorney a letter dated June 15, 1992, designated as a petition for remission and mitigation.[5] Although Bruce initially filed a similar petition, he later withdrew from the proceedings to honor his plea agreement, which required that he not contest the forfeiture. The court entered a default judgment forfeiting the property to the federal government pursuant to 21 U.S.C. Secs. 881(a)(6)-(7) (1988).
 
 
 5
 Carl and Ingrid Johnson brought a motion to overturn the default judgment, Fed.R.Civ.P. 60(b), arguing entitlement to a constructive trust based upon their work in expanding and refurbishing the original house and upon Bruce's "mistake" in not giving them legal title. While living in the house, the Johnsons added four bedrooms, two bathrooms, a large living room, an atrium, electric heat and thermostats, and insulation. Carl Johnson testified that the remodeled house was worth between $150,000 and $170,000.[6] Carl was a carpenter as well as an ordained minister and missionary. He testified that he worked on the house for more than two years, at least fifty weeks per year at forty hours per week. He estimated the value of his labor at $80,000, and the value of materials he purchased at $27,000. However, the district court found that Bruce paid for the taxes, insurance and remodeling materials for the house. The Johnsons produced no reliable evidence that they paid for the materials themselves.
 
 
 6
 Following the hearing, the district court held that the Johnsons "failed to produce sufficient credible evidence to establish an ownership interest in the property" and thus lacked standing to challenge the forfeiture. United States v. One Parcel of Property, Civ. No. 92-4070, slip op. at 4 (December 30, 1993). Accordingly, the district court denied the motion to set aside the default judgment and vacated the stay of the sale of the property. The Johnsons argue that the district court abused its discretion.
 
 
 7
 A district court should grant a Rule 60(b) motion "only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir.1986), cert. denied, 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987). We review the district court's decision only for an abuse of discretion. Id. On the record before us, no abuse occurred.
 
 
 8
 Title 21 U.S.C. Sec. 881(a) subjects to forfeiture any real property which the government has probable cause to believe was either (1) purchased with proceeds traceable to the exchange of a controlled substance, 21 U.S.C. Sec. 881(a)(6); or (2) used to facilitate the commission of a drug-related crime. 21 U.S.C. Sec. 881(a)(7). These forfeiture actions are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. 21 U.S.C. Sec. 881(b) (1988). Supplemental Rule C(6) unambiguously requires that a claimant file a claim "within 10 days after process has been executed" unless otherwise allowed by the court, and "serve an answer within 20 days after the filing of the claim." The Johnsons did neither. On May 6, 1992, they were served with the warrant for arrest in rem which notified them of the procedure to contest the forfeiture. The Johnsons took no action until filing their petition for remission and mitigation on June 15, 1992. Their petition, even if sufficient to serve as a claim in a judicial forfeiture proceeding, was untimely under Rule C(6). The granting of a default judgment under such circumstances is not an abuse of discretion. See United States v. Three Parcels of Real Property, 43 F.3d 388, 391-93 (8th Cir.1994) (affirming a grant of the government's motion to strike claims for failure to comply with Rule C(6) and for lack of standing); United States v. $104,674.00, 17 F.3d 267, 268-69 (8th Cir.1994) (affirming a default judgment of forfeiture for failure to comply with the time and content requirements of Rule C(6)). Procedural default is not excused because the Johnsons initially proceeded pro se, Three Parcels, 43 F.3d at 292-93, nor because Attorney Zipp may have misadvised them. United States v. 7108 West Grand Avenue, 15 F.3d 632, 633-635 (7th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994).
 
 
 9
 Regardless of any procedural deficiencies, the Johnsons failed to establish a sufficient ownership interest to obtain standing. United States v. Ford 250 Pickup 1990, 980 F.2d 1242, 1246 (8th Cir.1992). Although an "owner" need not be a bona fide purchaser, United States v. 92 Buena Vista Avenue, --- U.S. ----, ----, 113 S.Ct. 1126, 1134, 122 L.Ed.2d 469 (1993), and ownership of personal property "may be defined as having a possessory interest in the res, with its attendant characteristics of dominion and control," United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 604 F.2d 27, 28 (8th Cir.1979) (Douglas I ), appeal after remand, 647 F.2d 864 (8th Cir.1981) (Douglas II ), cert. denied, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982), these principles are inapplicable to this case.
 
 
 10
 In Buena Vista, the claimant was given drug proceeds with which she purchased a piece of real property that she titled in her name and occupied. --- U.S. ----, 113 S.Ct. at 1134. The Buena Vista claimant had possession, dominion, control and title. Although the Johnsons have shown possession of the premises with consent of the record owner and substantial improvement of the property, they have failed to present convincing evidence that they "owned" the property. On the record before this court, the Johnsons did not pay any of the initial purchase price, did not pay for any substantial remodeling costs, never had any title or leasehold document, and were never promised a conveyance of the property by Bruce in exchange for their labor.[7]
 
 
 11
 Nor is Douglas I determinative. In Douglas I, we held that "ownership may be defined as having a possessory interest in the res, with its attendant characteristics of dominion and control. The possession of bare legal title to the res may be insufficient to establish ownership." 604 F.2d at 28 (citation omitted). This holding is distinguishable from the Johnsons' case for two reasons: (1) Douglas I involved personal property, which is generally susceptible of a broader definition of "ownership" than is real property; and (2) the Douglas court was concerned with sham title created "merely as a subterfuge to conceal the financial affairs and drug dealings" of a drug trafficker. Id. at 29. Sham title is not an issue in this case.
 
 
 12
 Possession of real property, even when coupled with an expectancy interest, does not equate with "ownership" in a forfeiture action. United States v. One Parcel of Property, 959 F.2d 101, 103-104 (8th Cir.1992). Ownership "may be evidenced in a number of ways including showings of actual possession, title and financial stake." Douglas II, 647 F.2d at 866. Although the Johnsons possessed the property, they have shown neither indicia of title nor adequate proof of a financial stake. The Johnsons contributed nothing towards the initial purchase price. Their "proof" of improvement costs consisted primarily of cancelled checks payable to either or both of the Johnsons and signed by their son, Greg, or Greg's wife. Mr. Johnson stated that he applied these amounts to the improvement of the property, but failed to provide documentation proving the money was so spent. On the contrary, the records submitted indicate that the cost of the remodeling materials was charged to and paid by Bruce. Accordingly, these factors weigh against the Johnsons' ownership claim.
 
 
 13
 The Johnsons' property interest is defined by Wisconsin law, see United States v. 1977 Porsche Carrera, 946 F.2d 30, 34 (5th Cir.1991), which recognizes the doctrine of constructive trust, see, e.g., Singer v. Jones, 173 Wis.2d 191, 496 N.W.2d 156 (Ct.App.1992). However, the Johnsons have not proven the two elements of a constructive trust under Wisconsin law: (1) unjust enrichment (2) obtained or retained by unconscionable conduct. Wilharms v. Wilharms, 93 Wis.2d 671, 287 N.W.2d 779, 783 (1980); Capitol Indem. Corp. v. Reasbeck, 166 Wis.2d 332, 479 N.W.2d 247, 250 (Ct.App.1991). The Johnsons argue that a constructive trust should be imposed in their favor against the government because of Bruce's mistake in not transferring title to them when he bought the property. Although, in hindsight, it may have been unwise for Bruce not to have deeded the property to his parents, this is not the type of "mistake" which constitutes unjust enrichment to or unconscionable conduct by the government. Thus, the trial court correctly concluded that the Johnsons did not have a sufficient ownership interest to confer standing.
 
 
 14
 LOKEN, Circuit Judge, concurring.
 
 
 15
 I agree that mere possession does not confer an ownership interest in real property and therefore standing to contest its forfeiture. For me, then, this case turns on whether Carl Johnson's improvements to his son's property, his "sweat equity," so to speak, give him standing as an owner to contest the forfeiture by reason of the Wisconsin law of constructive trust.
 
 
 16
 In my view, the Johnsons have rather significantly misstated this issue. The question is not whether a constructive trust should be imposed in the Johnsons' favor "against the government." Rather, the question is whether Carl's pre-forfeiture improvements require the imposition of a constructive trust against his son Bruce, the property's owner. (If so, then the next question would be whether Carl's ownership interest as a constructive trust beneficiary may be enforced against the forfeiture proceeds now in the hands of the government, a question we need not reach.)
 
 
 17
 Viewing the constructive trust question in this light makes it even clearer that no constructive trust may be imposed under Wisconsin law. Carl has not proved that Bruce was unjustly enriched because Bruce let his parents live on the property rent and tax free for four years. Likewise, as the court notes, Carl has made no showing that Bruce retained the full ownership interest through unconscionable conduct. Thus, the doctrine of constructive trust does not provide the Johnsons with standing to contest the government's forfeiture of Bruce's property.
 
 
 18
 That ends the case. Because it is clear that the Johnsons have no ownership interest under Wisconsin law, and therefore no standing to contest the forfeiture, I would not reach the question of when, if ever, Rule 60(b) relief may be available in forfeiture cases. Given the importance and frequent difficulty of procedural issues in forfeiture cases, cf. Glasgow v. United States DEA, 12 F.3d 795 (8th Cir.1993), I would leave this question for resolution in a case that squarely presents it.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief United States District Judge for the District of South Dakota
 
 
 [2]
 As used in this opinion, "the Johnsons" denotes only Carl and Ingrid Johnson and not their son, Bruce
 
 
 [3]
 Under 21 U.S.C. Secs. 881(a)(6) and (a)(7) (1988), "no property shall be forfeited ... to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."
 
 
 [4]
 On June 15, 1992, the Johnsons submitted a sworn statement that they contributed $25,000 toward the $50,000 initial purchase price. During the hearing, however, Carl Johnson recanted, admitting that he did not pay any of the initial purchase price, that it was not his intention to have the letter worded that way, and that he signed the letter without scrutinizing it closely enough
 
 
 [5]
 An individual having a sufficient legal interest in the seized property can contest the forfeiture, file a petition for remission or mitigation, or both. The administrative denial of the Johnsons' petition is "not subject to judicial review on the merits." United States v. One 1973 Buick Riviera Auto., 560 F.2d 897, 900 (8th Cir.1977). Accordingly, our review is limited to the district court's denial of the Johnsons' motion to set aside the default judgment entered in the judicial forfeiture action
 
 
 [6]
 Pursuant to the decree of forfeiture, the house sold on March 4, 1994, for $135,000
 
 
 [7]
 In its brief, the government argued that the Statute of Frauds would invalidate an oral gift of an interest in land. As the record does not indicate that Bruce attempted any such gift, we do not reach this issue
 Further, we need not address whether the Johnsons' labor established a mechanics' or materialmen's lien, or whether such a lien would create standing in this context, since counsel for the Johnsons stated at oral argument that they were not asserting an interest as workers, but rather as owners.