# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-3527

_____

United States of America,

   Appellee,

  v.

1998 BMW "I" Convertible, VIN #WBABJ8324WEM20855, with all appurtenances and attachments thereon; Kendra Miller; Naima Gianquinto,

   Appellants.

Appeal from the United States District Court for the Eastern District of Missouri.

_____

Submitted: September 14, 2000
  Filed: December 18, 2000

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and BATTEY,[1] District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

Appellants Kendra Miller and Naima Gianquinto appeal from a judgment of forfeiture, pursuant to 21 U.S.C. § 881(a)(4), (6) (1994 & Supp. IV 1998), of a 1998 BMW "I" convertible automobile. Kendra Miller contends she is the legal owner of the vehicle, while Naima Gianquinto asserts she is the vehicle's lienholder. Appellants argue that the district court erred in finding neither had standing to contest the forfeiture and by awarding summary judgment in favor of the government. For the reasons set forth below, we vacate the judgment and remand to the district court to hold an evidentiary hearing on the issue of whether appellants have standing to challenge the forfeiture.

I.

On January 29, 1998, Kendra Miller and her brother Craig Miller, along with another unidentified individual, went to a BMW dealership in Houston, Texas, intending to purchase a vehicle to later resell at a profit. The parties settled on a 1998 BMW "I" convertible and paid the $35,200 purchase price in cash. None of the parties visited another dealership nor did they do any comparison shopping prior to purchasing the vehicle.

On April 7, 1998, a confidential informant accompanied by an undercover DEA agent purchased 3.19 grams of crack cocaine from Victor Jones[2] and Fernando Rendell while seated in the BMW vehicle in Mexico, Missouri. The DEA seized the vehicle on April 23, 1998. The government sought forfeiture of the BMW, alleging the vehicle was used to facilitate drug trafficking on April 7, 1998, and that the vehicle was purchased with proceeds traceable to the sale of controlled substances.

---

[2]Victor Jones is the father of Kendra Miller's half sister and is Kendra Miller's mother's boyfriend.

2

Appellants challenged the forfeiture, asserting that the government lacked probable cause to seize the vehicle and that they were innocent owners. The government filed a motion to strike appellants' claims to the vehicle and for summary judgment. Without holding an evidentiary hearing, the district court concluded appellants lacked standing to challenge the forfeiture because neither was able to show a sufficient ownership interest in the vehicle, and even if they were, neither took steps to protect against the proscribed use. Accordingly, on July 15, 1999, the district court ordered the vehicle forfeited to the government. This appeal followed.

## II.

At the outset, a claimant must be able to show a facially colorable interest in the proceedings sufficient to satisfy Article III standing; otherwise, no constitutional case or controversy exists capable of federal court adjudication. See Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000); see also Flast v. Cohen, 392 U.S. 83, 99-100 (1968) ("[W]hen standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable."). Because standing is a "threshold question in every federal case," Warth v. Seldin, 422 U.S. 490, 498 (1975), judicial economy requires that the court decide the issue at the commencement of the litigation rather than deferring until trial. See Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). To manifest standing in the forfeiture context, a claimant must first show an ownership interest in the property. See United States v. Ford 250 Pickup 1990, 980 F.2d 1242, 1246 (8th Cir. 1992); United States v. One (1) 1976 Cessna Model 210L Aircraft, 890 F.2d 77, 79-80 (8th Cir. 1989). An ownership interest is "evidenced in a number of ways including showings of actual possession, control, title and financial stake." United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 647 F.2d 864, 866 (8th Cir. 1981).

In a typical civil suit, a party's standing to seek redress is most often determined on the pleadings. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to establish standing]."). In such an instance, the court construes the allegations contained in the pleadings most favorably to the claimant, according all reasonable inferences in her favor. See Tarsney, 225 F.3d at 934. This is not a typical case. Here, appellants filed their verified answer to the government's forfeiture claim, asserting an ownership interest in the vehicle. The government subsequently filed a motion to strike appellants' claim to the vehicle, arguing appellants lacked standing to contest forfeiture because they were not the vehicle's owners. The government supported its motion with an affidavit, deposition transcripts, and other documentary evidence, illustrating that Craig Miller is the vehicle's true owner; specifically, that he provided the purchase monies,[3] made improvements to the vehicle, arranged for routine maintenance to be performed, and had permission to use the vehicle at any time. In sum, the government asserted a factual attack on appellants' standing to contest the proceedings.

Appellants opposed the government's motion. Appellants presented evidence that Kendra Miller held legal title to the vehicle and that the DEA seized the vehicle from appellants' joint residence. Appellants also presented an IRS form 8300, required for cash purchases in excess of $10,000 and completed by the BMW dealership, indicating that Kendra Miller was the owner of the vehicle. Furthermore, Gianquinto's deposition testimony was that she liquidated over $20,000 in inheritance proceeds for the purpose of purchasing the BMW and that she is listed as the vehicle's lienholder on

---

[3]The government argues that Craig Miller is a known drug dealer under investigation by the Missouri State Patrol since March 1997, and therefore, the cash used to purchase the vehicle was drug proceeds from his alleged drug dealing. There is some evidence that Miller pulled $34,000 in cash from his sweat pants to pay for the car at the dealership, and that he provided the remaining $1200 in cash from his briefcase.

a revised title application filed with the Missouri Department of Revenue. This title application was not filed until five months after the government seized the vehicle, however.

Clearly, the district court was presented with contradictory evidence bearing directly on the question of whether appellants had an ownership interest in the BMW. The district court ultimately ruled that appellants lacked standing to challenge the forfeiture. In so ruling, however, the district court resolved factual disputes and made witness credibility determinations central to the issue of standing simply by relying on a warring paper record consisting of conflicting affidavit and deposition transcripts. Because there were disputed factual issues and witness credibility determinations to be resolved, we conclude that the district court was required to conduct an evidentiary hearing. See Bischoff v. Osceola County, Fla., 222 F.3d 874, 881 (11th Cir. 2000) (concluding the district court was required to hold an evidentiary hearing that included live witness testimony when the parties presented the court with conflicting affidavits regarding the issue of standing); Munoz-Mendoza v. Pierce, 711 F.2d 421, 425 (1st Cir. 1983) ("The court must resolve any genuine disputed factual issue concerning standing, either through a pretrial evidentiary proceeding or at trial itself."); Martin v. Morgan Drive Away, Inc., 665 F.2d 598, 602 (5th Cir. 1982) (vacating the district court's order dismissing a party for lack of standing without first holding an evidentiary hearing when several issues of fact were in dispute). "As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, 'any rational mode of inquiry will do.'" Osborn, 918 F.2d at 730 (quoting Crawford v. United States, 796 F.2d 924, 929 (7th Cir. 1986)). However, judges simply cannot decide whether a witness is telling the truth on the basis of a paper record and must observe the witnesses' demeanor to best ascertain their veracity--or lack thereof. See Goldberg v. Kelly, 397 U.S. 254, 269 (1970) ("[W]here credibility and veracity are at issue . . . written submissions are a wholly unsatisfactory basis for decision."); see also United States v. Lang, 898 F.2d 1378, 1380 (8th Cir. 1990) ("The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record."). We, therefore, vacate the

dismissal of this action and remand to the district court to hold an evidentiary hearing on the issue of standing.

III.

For the reasons stated, the judgment of the district court is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT