# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3177

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| One Lincoln Navigator 1998, | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Defendant. | * | |
| | * | |
| Freddie Bearden; Wanda Breedlove | * | |
| Andrews, | * | |
| | * | |
| Claimants - Appellants. | * | |

_____

Submitted: January 14, 2003

Filed:  May 19, 2003   Corrected 5/30/03

_____

Before LOKEN,[*] FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Chief Judge.

The United States seized the 1998 Lincoln Navigator used by Eric Austin in distributing crack cocaine and commenced this civil action to forfeit the vehicle under

_____

[*]The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

21 U.S.C. § 881(a)(4) and (j). Freddie Bearden, Austin's grandmother, and Wanda Breedlove Andrews, Austin's mother, then filed claims contesting the forfeiture on the ground that each is an innocent owner of the Navigator. See 18 U.S.C. § 983(a)(4) & (d). The district court granted summary judgment in favor of the United States, concluding that neither Bearden nor Andrews has standing to contest the forfeiture. The court based this decision in part on its findings as to their credibility at a prior evidentiary hearing. Bearden and Andrews appeal. We conclude that they have Article III standing to contest the forfeiture. In addition, the district court's decision that they lack statutory standing was a ruling on the merits of their claims that violated their right to a jury trial. Accordingly, we reverse and remand.

After filing ownership claims, Bearden and Andrews petitioned the district court for immediate release of the Navigator to them on grounds of substantial hardship. See 18 U.S.C. § 983(f)(1) & (3).[1] The court held an evidentiary hearing on the petition at which Bearden, Andrews, and Austin testified to the following background facts. Bearden purchased the Navigator in March 1999 with $37,000 of the settlement proceeds she received from a California lawsuit. The Arkansas Certificate of Title for the car lists Andrews as its owner. Bearden testified she placed the title in Andrews's name so that Bearden would not lose her disability benefits. Following the purchase, Bearden paid most ownership expenses, including taxes, insurance, repairs, and gasoline. While admitting that Austin put most of the miles on the Navigator with her permission, Bearden testified that she used the Navigator to drive another daughter to and from work, that the daughter lost her job when the car was seized, and that losing the car was a hardship on Bearden and her family.

---

[1]The substantial hardship provision was one of eight "core reforms" enacted by Congress in § 2 of the Civil Asset Forfeiture Reform Act of 2000 "to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." H.R. Rep. No. 106-192, at 11 (1999); see Pub. L. No. 106-185, § 2, 114 Stat. 202.

At the close of the hearing, the district court denied the petition for immediate release, finding that Austin "had the great lion share of the use of this car" and therefore "I don't think . . . there could have been all that much hardship to the other members of the family who never were driving it much anyway." The court expressly noted conflicts and problems in the testimony of Bearden, Andrews, and Austin. Two weeks later, the government moved for summary judgment dismissing the innocent ownership claims on the grounds that Bearden and Andrews do not meet the statutory definition of owners and, in addition, cannot prove they are innocent owners within the meaning of 18 U.S.C. § 983(d)(2)(A). On the same day, claimants requested a jury trial. Based upon the evidence introduced at the hardship hearing, the district court granted the government's motion, concluding that claimants lack standing to contest the forfeiture because "Bearden possessed only bare legal title to the Navigator although she had allegedly paid for the vehicle," and Andrews "does not have any ownership in the Navigator although the Navigator was titled in her name."

Article III standing is a threshold question in every federal court case. "[T]he question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue." United States v. 1998 BMW "I" Convertible, 235 F.3d 397, 399 (8th Cir. 2000), quoting Flast v. Cohen, 392 U.S. 83, 99-100 (1968). In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy. This threshold burden is not rigorous: "To have standing, a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property." United States v. 7725 Unity Ave. N., 294 F.3d 954, 957 (8th Cir. 2002) (citation omitted). We have held in numerous cases that a colorable ownership interest "may be evidenced in a number of ways including showings of actual possession, control, title and financial stake." United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 647 F.2d 864, 866 (8th Cir. 1981); see 7725 Unity Ave., 294 F.3d at 956; 1998 BMW, 235 F.3d at 399; United States v. One 1990 Chevrolet Corvette, 37 F.3d 421, 422 (8th Cir. 1994).

Ownership interests are defined by the law of the State in which the interest arose, here, Arkansas. 7725 Unity Ave., 294 F.3d at 956. On the undisputed facts of this record, applying Arkansas law, it is clear that Bearden and Andrews have Article III standing to challenge the forfeiture. Ms. Bearden paid for the Navigator. Thus, she has the greatest financial stake in the car. At oral argument, counsel for the government admitted that he knew of no case in which a claimant with a personal financial stake in property was denied Article III standing to challenge its forfeiture. As for Ms. Andrews, the Arkansas motor vehicle statutes define "owner" as "a person who holds the legal title of a vehicle." Ark. Code Ann. § 27-14-203. The certificate of title to the Navigator was issued to Andrews, which means she is the car's registered owner. See Ark. Code Ann. § 27-14-713. While the certificate of title by itself only evidences title, it establishes a prima facie case of ownership. See Beatty v. USAA Cas. Ins. Co., 954 S.W.2d 250, 252 (Ark. 1997); House v. Hodges, 299 S.W.2d 201, 204 (Ark. 1957). In these circumstances, although there is evidence that Andrews has only "bare legal title," we conclude that is sufficient to confer Article III standing to contest the forfeiture.

For the foregoing reasons, Bearden and Andrews have Article III standing to challenge the government's forfeiture claim on the merits. The merits of their claims turn on whether either or both can establish an "innocent owner's interest" in the property that "shall not be forfeited." 18 U.S.C. § 983(d)(1). To qualify as an innocent owner, each claimant must prove she has an ownership interest *as defined in the statute*. As relevant here, the statute defines the term "owner" to include "a person with an ownership interest in the specific property sought to be forfeited," and to exclude "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6). Although many cases refer to this issue as part of the "standing" inquiry, it is in fact an element of the innocent owner's claim on the merits. When claimants have Article III standing but fail to prove an ownership interest that meets these statutory criteria, the "statement that Claimants lacked 'standing' is simply another way of stating that Claimants had failed to establish on the merits a property interest entitling them to relief." United States v. Hooper, 229 F.3d 818, 820 n.4 (9th

-4-

Cir. 2000); see United States v. $9,041,598.68, 163 F.3d 238, 245 (5th Cir. 1998); United States v. 2001 Honda Accord EX, No. 3:02-CV-0831, 2003 U.S. Dist. LEXIS 1591, at *10 n.4 (M.D. Pa. Jan. 30, 2003).

The distinction between Article III and statutory standing is critical in this case because of claimants' request for a jury trial.[2]  If a threshold issue of Article III standing raises material fact disputes, including credibility issues, the district court may conduct an evidentiary hearing and resolve them.  See 1998 BMW, 235 F.3d at 400. The district court proceeded in this manner, quite properly using the evidentiary hearing on the hardship issue to help resolve what the government presented as a threshold issue of standing.  But the *disputed* issue was statutory standing -- whether claimants' colorable ownership interests are subject to forfeiture.  This issue goes to the merits and therefore must be decided in accordance with Rule 56 standards, viewing the evidence in the light most favorable to Bearden and Andrews and leaving credibility issues to the ultimate finder of fact.  Misled by the government's intermingling of Article III and statutory standing, the district court resolved disputed issues of fact, including credibility issues, and concluded that summary judgment was appropriate because Bearden and Andrews either had no "ownership interest" within the meaning of § 983(d)(6)(A), or were "nominees" within the meaning of § 983(d)(6)(B)(iii).  Though summary judgment on the merits is often appropriate in forfeiture cases, it was error on this record.  Accordingly, we must remand for further proceedings.

On remand, to resolve the innocent owner claims, it must first be determined who has an ownership interest in the Navigator within the meaning of 18 U.S.C. § 983(d)(6)(A).  Bearden provided the money to purchase the Navigator.  That gave

---

[2]Though state law ownership principles apply, claimants have a Seventh Amendment right to a jury trial in federal non-admiralty civil forfeiture cases.  See C.J. Hendry Co. v. Moore, 318 U.S. 133, 153 (1943); United States v. One 1976 Mercedes Benz 280S, 618 F.2d 453, 469 (7th Cir. 1980).

her the right to become its owner. But Andrews acquired the legal title. This may have been a gift of ownership to Andrews. More likely, under Arkansas law Andrews acquired legal title subject to a resulting trust for the benefit of Bearden. See In re Cowden, 154 B.R. 531, 534 & n.3 (Bankr. E.D. Ark. 1993). The government will no doubt contend that at some point, Austin acquired an ownership interest that may be forfeited. However, mere possession of the Navigator -- even for the purpose of committing a federal drug offense -- does not establish an ownership interest. See United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 120-21 (8th Cir. 1995). Conceptually, this aspect of the case is akin to a quiet title action to determine the respective ownership interests of Bearden, Andrews, and Austin. Cf. Tracts 10 & 11, 51 F.3d at 121-22 (Loken, J., concurring). Ownership interests are defined by state law with one important exception -- Congress has declared that "a nominee who exercises no dominion or control over the property" may not be an innocent owner. 18 U.S.C. § 983(d)(6)(B)(iii).

If Bearden and/or Andrews establish ownership interests in the Navigator, they must also prove that they are innocent owners. This is an issue of federal law. The 2000 Reform Act changed the statutory innocent owner test. For a claimant whose ownership interest existed at the time of the illegal conduct, the new test is whether the claimant "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2).

Given this array of issues, there are many possible outcomes. If neither claimant is an innocent owner, the Navigator must be forfeited. If either claimant (or both in combination) is an innocent owner with a 100% ownership interest, the government's forfeiture complaint must be dismissed. But if an innocent owner claimant has only a partial ownership interest (either because Austin has a partial ownership interest, or because the other claimant has a partial interest but is not

-6-

innocent), then the court will need to fashion a partial forfeiture remedy in accordance with 18 U.S.C. § 983(d)(5).

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.