UNITED STATES of America, Plaintiff

v.

$200,500.00 IN U.S. CURRENCY, Defendant.

Civil No. 08–1540CCC.

United States District Court, D. Puerto Rico.

Sept. 28, 2009.

Miguel A. Fernandez–Torres, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

## ORDER

CARMEN CONSUELO CEREZO, District Judge.

This is a civil forfeiture action filed May 12, 2008 by the United States, in which it is charged that $200,500.00 in United States currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides:

(a) the following shall be subject to forfeiture:

(6) All monies, negotiable instruments, securities or other things of value, furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

A statement under penalty of perjury by S.A. Rolando Rojas of the United States Immigration and Customs Enforcement dated May 12, 2008 provides factual support for the verified complaint. The facts narrated in S.A. Rojas' statement all have to do with the circumstances related to the seizure of such monies on January 7, 2007 from Gualberto Busigó–Alvarez, who is the claimant in this case.

On October 21, 2008 Mr. Busigó–Alvarez filed a statement in which he merely claims an interest and ownership in the properties mentioned in the forfeiture complaint without further explanation. During the Pretrial Conference, claimant's attorney discussed his claim under the "finders-keepers" rule.

## I. The Government's Initial Burden of Proof

The unopposed Motion for Summary Judgment filed by the United States on August 31, 2009 (**docket entry 17**) is supported by documentary evidence, plaintiff's Exhibits I through VII, and is accompanied by a list of uncontested facts (**docket entry 18**). Claimant has failed to file an opposition. The government's supporting documents include both evidence to establish its initial burden of proof that the monies were subject to forfeiture and to defeat claimant's challenge, lack of standing due to the absence of an ownership interest.

Based on the evidence provided, the Court finds that the uncontested aggregate set of unusual circumstances establish a sufficient nexus to conclude that the currency was involved in or used to facilitate a drug offense, thereby providing probable cause for the civil forfeiture.

The following undisputed facts support this conclusion.

On January 7, 2008, claimant passed the Transportation and Security Administration (TSA) at Gate 2 of the Luis Muñoz Marín Airport in San Juan, Puerto Rico, dressed in his American Eagle flight attendant uniform with carry-on baggage. During an inspection of his baggage, $200,500.00 was found inside a pair of jeans. A drug-sniffing dog alerted to the smell of narcotics on the suitcase containing the currency. The monies were administratively seized.

During a consented-to interview by law enforcement officers, claimant stated that a few days before, after his work shift, he had found a bag with the currency next to a tire of his vehicle in the airport parking building. In the Department of Homeland Security Disclaimer/Abandonment of Currency form dated January 7, 2008, claimant Busigó–Alvarez declares that the currency belongs to "unknown," and that he was abandoning the same because he was "not its owner." Uncontested fact number 11 establishes that claimant, who was off duty, was going to take the American Airlines morning flight to Dallas because, as stated during the interview, he was thinking of securing the money in a warehouse in Texas. Uncontested facts numbers 13 and 14 reflect that claimant did not have sufficient income to account for the large amount of cash seized from him, nor any lottery nor prize winnings. The unknown source of the cash, its possession by an individual whose only known income is that of an American Eagle flight attendant, the fact that he never reported his alleged finding of the abandoned currency to a law enforcement officer or any other authority, the alert given by the drug-sniffing dog, and his attempt to take the $200,500.00 in cash out of the jurisdiction for safekeeping in Texas are all facts that support the conclusion that the currency was involved in a drug offense, although the actual participants have not been identified.

## II. Innocent Owner Defense

With regarding to the threshold issue of standing, Busigó–Alvarez has raised an innocent owner defense. *In United States v. One Lincoln Navigator* 1998, 328 F.3d 1011, 1014 (8th Cir.2003), the court, citing the Civil Asset Forfeiture Reform Act of 2000, (CAFRA), 18 U.S.C. § 983(d)(6)(A), noted that "ownership interests are defined by state law." *See, also, United States v. 392 Lexington Parkway South, St. Paul,* 386 F.Supp.2d 1062, 1069 (D.Minn.2005); *United States v. $165,580.00 in United States Currency,* 502 F.Supp.2d 114, 119 (D.Maine 2007).

Relevant Puerto Rico law is found in 31 L.P.R.A. § 1956 which provides:

A person finding any personal property, which is not treasure, must return it to its former possessor. Should the latter be unknown, he must deliver it immediately to the mayor of the town where the find took place.

The mayor shall publish it by posting written advertisements to that effect in the principal hall of the town hall, in the post office and in the office of the collector of internal revenues during two consecutive weeks.

Should it not be possible to keep the personal property found without injury or without incurring expenses greatly reducing its value, it shall be sold at public auction, after eight days have elapsed since the publication of the advertisement ended, without the owner having appeared, and the proceeds shall be deposited.

After six months from the date the publication of the advertisement ended, without the owner having appeared, the

thing found or its value shall be awarded to the person who found it.

The latter, or the owner, in a proper case, shall be obliged to pay the costs.

The mayor shall notify in writing to the person who made the find, to his last known address, to appear and take possession of the thing or of the value thereof. Should his address be unknown, an advertisement shall be posted to that effect for two consecutive weeks in the principal hall of the town hall.

After fifteen days from the notice by mail or from the date the advertise ended, as the case may be, without the person who made the find appearing to claim it, the thing or the value thereof shall become municipal property.

Claimant has asserted neither entitlement under this statute nor has he attempted to show compliance with its requirements. The Supreme Court of Puerto Rico, in the case *In re Mieres Calimano,* 76 P.R.R. 656, 661–662, 76 D.P.R. 699 (1954), concluded that one who finds personal property and who does not comply with the requirements of the Civil Code of Puerto Rico, 31 L.P.R.A. § 1956, does not acquire good faith possession nor title over it. The United States District Court of Maine in *United States v. $165,580.00, supra,* has also determined that a person who finds property yet fails to comply with state statutory law requirements cannot claim an ownership interest in such property. Failure to follow the statutory procedure is deemed to be an appropriation that does not rise to the level of an ownership interest.

Accordingly, under federal law, 18 U.S.C. § 983(d)(6)(A), Busigó–Alvarez does not qualify as an owner. The definition of the term "owner" in that statutory provision excludes "a person with only a general unsecured interest in or claim against the property." Claimant does not

rise above the level of a person with a general unsecured interest. Therefore, he is not entitled to an innocent owner defense.

For the reasons stated, the Motion for Summary Judgment (**docket entry 17**) is GRANTED in favor of the United States. The claim of Gualberto Busigó–Alvarez in the property is DISMISSED, and Judgment is hereby entered declaring the defendant property, $200,500.00, condemned and forfeited to the United States for disposition according to the law.

SO ORDERED.

### JUDGMENT

For the reasons stated in our Order of this same date, IT IS ORDERED AND ADJUDGED that the claim of Gualberto Busió–Alvarez in defendant property, $200,500.00, be and is hereby DISMISSED, and declaring the defendant property condemned and forfeited to the United States for disposition according to the law.

SO ORDERED AND ADJUDGED.