# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-2001

———————————————

United States of America

*Plaintiff - Appellee*

v.

U.S. Currency, in the amount of $124,279.00

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Western District of Missouri - Springfield

———————

Submitted: January 16, 2026
Filed: May 27, 2026
[Unpublished]

———————

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

———————

PER CURIAM.

In March 2022, Springfield Missouri Police officers lawfully searched Eric Matthews's vehicle and home. The officers located and seized four firearms, a drum magazine, additional ammunition, marijuana, fentanyl, drug paraphernalia, assorted pills, and over $124,279. The prosecuting attorney's office timely filed a petition for civil forfeiture of the defendant property. Subsequently, on June 11, 2024, the Drug Enforcement Agency seized the property and notified the interested parties, including Matthews, of an administrative forfeiture action. On July 13, 2024, another

person present in the vehicle and at Matthews's home at the time of the searches submitted a claim to the property. She alleged that she was the rightful owner and had obtained the property lawfully. Her claim requested that the government file a complaint for civil forfeiture. Matthews filed no claim.

On October 9, 2024, the government filed a verified complaint for judicial forfeiture of the defendant property pursuant to 21 U.S.C. § 881 "because it constitutes 1) money . . . furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money . . . used and intended to be used to facilitate a violation of the Controlled Substances Act." R. Doc. 1, at 2–3. On October 15, 2024, the government provided notice of the complaint to Matthews's counsel. The notice warned Matthews that he had to file "a verified claim within 35 days after the date of this notice" to seek return of the property. R. Doc. 3, at 1 (bold omitted). The notice further stated that a verified claim "must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; and (C) be signed by the claimant under penalty of perjury." *Id.* at 2. No one filed a claim to the defendant property.

On January 17, 2025, with no claim filed, the government applied for an entry of default judgment. On January 21, 2025, the district court[1] entered a default judgment.

Two days after the district court entered a default judgment, Matthews moved to set aside the judgment and dismiss the case. The district court denied Matthews's motion on standing grounds because Matthews "failed to submit a claim in a timely fashion as mandated by Supplemental Rule G." R. Doc. 17, at 4. The court entered a final default judgment forfeiting the defendant property.

---

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

Supplemental Rule G "governs a forfeiture action in rem arising from a federal statute." Fed. R. Civ. P. Supp. R. G(1). Supplemental Rule G(5)(a)(i) provides:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

An interested party intervenes in a federal forfeiture action through making a verified claim. *See* Fed. R. Civ. P. 24.

Matthews failed to file a verified claim and thus never became a party to the forfeiture action. This failure kept him an outsider to the district court proceedings. He also did not seek to intervene on appeal. He filed a notice of appeal, but because he was a non-party the notice could not confer jurisdiction to this court. *See Stanton v. Cash Advance Ctrs., Inc.*, 59 F.4th 932, 933 (8th Cir. 2023) (holding the notice of appeal by a nonparty was "insufficient to confer jurisdiction on this court").

Moreover, Matthews could not establish Article III standing. "In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy." *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003). To have standing, "[t]he claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property." *Id.* (quoting *United States v. 7725 Unity Ave. N.,* 294 F.3d 954, 957 (8th Cir. 2002)). Matthews failed to make such a showing.

For these reasons, we dismiss.

_____