**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**$64,800.00 (SIXTY–FOUR THOUSAND EIGHT HUNDRED DOLLARS) IN UNITED STATES CURRENCY, Defendant,**

**Houston Douglas, Claimant–Appellant.**

**No. 00–3767.**

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before MARTIN, Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

*ORDER*

Houston Douglas appeals a district court judgment denying his claim of ownership to the defendant currency. The currency was the subject of a forfeiture action to enforce provisions of 21 U.S.C. § 881(a)(6). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The magistrate judge, with the consent of the parties, conducted a trial and determined that Douglas lacked standing to contest the forfeiture of the defendant currency. Accordingly, the magistrate judge granted the government's motion to dismiss Douglas's claim for declaration of ownership of the currency.

In his timely appeal, Douglas contends that the district court abused its discretion in determining that he lacked standing to contest the forfeiture.

This court reviews de novo a district court's determination that a claimant lacks standing to contest forfeiture. *United States v. 37.29 Pounds of Semi–Precious Stones,* 7 F.3d 480, 483 (6th Cir.1993).

Upon review, we conclude that the district court did not err. In a civil forfeiture

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

action, the claimant to the property must have standing in order to challenge the forfeiture. *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir.1998). To establish Article III standing in a forfeiture proceeding, the claimant must demonstrate that he has "a colorable ownership, possessory or security interest in at least a portion of the defendant property." *Id.* The claimant is not required to prove the underlying merits of the claim, but must "claim a facially colorable interest in the seized property." *Id.* at 497–98. An ownership interest may be evidenced in a number of ways including showings of actual possession, control, title and financial stake. *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 647 F.2d 864, 866 (8th Cir.1981).

Douglas did not demonstrate that he has a colorable ownership, possessory or security interest in at least a portion of the defendant currency for the reasons set forth in the district court's memorandum opinion and order of April 13, 2000.

Accordingly, the district court's judgment is hereby affirmed.