**UNITED STATES of America Plaintiff**

v.

**$38,852.00 IN U.S. CURRENCY Defendant**

**Michael Cole Claimant**

**No. 1:03–CV–1799.**

United States District Court,
N.D. Ohio,
Eastern Division.

May 3, 2004.

Herbert J. Villa, Esq., Office of the U.S. Attorney, Northern District of Ohio, Cleveland, OH, for Plaintiff.

Walter T. Madison, Esq., Akron, OH, for Interested party Roslyn Smith.

William E. Howard, Jr., Esq., Akron, OH, for Claimant Michael Cole.

*MEMORANDUM OF OPINION AND ORDER DENYING ROSLYN SMITH'S MOTION FOR INTERVENTION*

WELLS, District Judge.

In this in rem civil forfeiture action, the United States seeks to forfeit under 21 U.S.C. § 881(a)(6) $38,852.00 from Claimant Michael Cole, alleging that it constitutes proceeds from illegal drug trafficking activities of Mr. Cole in violation of 21 U.S.C. § 841(a)(1). Before the Court is

Roslyn Smith's Motion for Intervention under Rule 24(a)(2) of the Federal Rule of Civil Procedure.

■ Rule 24(a)(2) provides for an intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Ms. Smith argues that she has an interest in the defendant currency by virtue of an order of the Ohio Common Pleas Court for Summit County which directed Mr. Cole to pay child support to Ms. Smith based on Mr. Cole's lottery win of $100,000.00 on 3 November 2001. Ms. Smith contends that the United States could not adequately represent her Interest and without intervention her ability to protect her interest will be impaired.

■ The procedure of a civil forfeiture action is governed by 18 U.S.C. § 983 (West 2003). Ms. Smith's motion is essentially a claim asserting an interest in the seized property under § 983. "In a civil forfeiture action, the claimant to the property must have standing in order to challenge the forfeiture." *United States v. $64,800.00*, 21 Fed.Appx. 439, 439–40 (6th Cir.2001). To establish standing, "the claimant must demonstrate that he has 'a colorable ownership, possessory or security interest in at least a portion of the defendant property.'" *Id.* at 440. The Ohio Common Pleas Court's child support order made Ms. Smith an unsecured creditor of Mr. Cole. She is not, however, "a person with an ownership interest" in the defendant currency, the definition of which excludes "a person with only a general unsecured interest in, or claim against, the property or estate of another." 18 U.S.C. § 983(d)(6). The federal courts have con-

sistently held that "unsecured creditors do not have standing to challenge the civil forfeiture of their debtor's property." *United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346 (9th Cir.1994); *United States v. $124,906.00 in U.S. Currency*, No. 97–1840–FR, 2000 WL 360086 (D.Or. Mar. 31, 2000). The reason is that while the unsecured creditor "may have an interest in the property of the debtor from whom assets were seized, she cannot show that she held an interest in the specific property forfeited." *United States v. $3,000 in Cash and All Monies from Certain Bank Accounts*, 906 F.Supp. 1061, 1065 (E.D.Va. 1995).

Because Ms. Smith lacks standing to challenge the forfeiture of the defendant currency, her Motion for Intervention Is denied.

IT IS SO ORDERED.