# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2138

_____

Jennifer Frost; Jane Doe

*Plaintiff*s

Kali Myers

*Plaintiff - Appellant*

v.

Sioux City, Iowa, City of; Robert Padmore, In his official capacity; Cindy Rarrat, In her official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: January 16, 2019
Filed: April 9, 2019

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Kali Myers sought declaratory and injunctive relief from a Sioux City, Iowa ordinance banning certain dogs. The district court dismissed her claims for lack of standing. We affirm.

Sioux City adopted an ordinance making it "unlawful for any person to own, possess, keep, exercise control over, maintain, harbor, transport or sell within the City of Sioux City, Iowa, any pit bull." Sioux City, Ia., Code § 7.10.030 (2009). Myers resided in Sioux City in 2015 and 2016 when the city enforced the pit bull ban against her dogs Tink and Radar.

Myers, Jennifer Frost, and "Jane Doe" filed suit alleging that the pit bull ban was unconstitutional. The parties stipulated to the dismissal of Frost and Doe when they moved outside Sioux City and therefore "no longer reasonably anticipate[d] that they or their dogs [would] face enforcement under the challenged ordinance." Myers continued as the plaintiff, seeking a declaration that the pit bull ban was facially unconstitutional, an injunction against enforcing the pit bull ban in the future, costs and attorneys' fees based on 42 U.S.C § 1988, and "all such other and further relief as this Court deems just and proper."

In a deposition, Myers admitted that she does not currently own a dog because she and her fiancé "work full time" and "don't have time right now." Myers then stated in a declaration that she does not currently reside in Sioux City, Iowa, that she intends to adopt a dog "in the near future," and that "when [she] adopt[s] a dog, [she] will likely also take it to Sioux City" to visit family, friends, and her veterinarian. Based on these facts, the district court, *sua sponte*, dismissed all of Myers's claims due to lack of standing. We review dismissal on the grounds of standing *de novo*. *Wilkinson v. United States*, 440 F.3d 970, 977 (8th Cir. 2006). "[F]actual determinations relating to standing must be upheld on appeal unless they are clearly erroneous." *Nor-W. Cable Commc'ns P'ship v. City of St. Paul*, 924 F.2d 741, 746 (8th Cir. 1991).

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). Therefore, "any person invoking the power of a federal court must demonstrate standing to do so." *Id.* Standing must "persist throughout all stages of litigation." *Id.* at 705. To show standing, Myers must have suffered an injury in fact, meaning "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). That injury "has to be fairly trace[able] to the challenged action of the defendant." *Id.* (internal quotation marks omitted). And "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted). Myers "bears the burden of showing that [she] has standing for each type of relief sought." *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

To the extent that Myers seeks "prospective relief against future conduct of defendants who caused injury in the past"—the seizures of Tink and Radar—she must show that she faces "a real and immediate threat that she would again suffer similar injury in the future." *See Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005). But Myers does not own a dog and does not live in Sioux City. And her intention to adopt a dog "in the near future" is uncertain as is her prediction that she will "likely" take it into Sioux City. In short, the threat of future injury to Myers from the pit bull ban is "conjectural or hypothetical" and therefore insufficient to confer standing. *See City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983). "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564.

Moreover, Myers's past injuries do not grant her standing because she fails to demonstrate how her proposed relief redresses them. An injunction is inherently

prospective and cannot redress past injuries. *See Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 327 (8th Cir. 1999) ("The mere fact that injurious activity took place in the past does nothing to convey standing to seek injunctive relief against future constitutional violations."). Myers's requested declaratory relief must involve "an adjudication of present right upon established facts." *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937). Myers does not show how the past seizure of Tink and Radar creates a "present right" let alone how her requested facial invalidation of the pit bull ban would redress it. "In a case of this sort, where the plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing. Rather, [the plaintiff] must show he is suffering an ongoing injury or faces an immediate threat of injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011); *see also Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of future harm." (internal quotation marks omitted)).

Myers cites *Mattis v. Schnarr*, 502 F.2d 588, 595 (8th Cir. 1974), for the proposition that a declaratory judgment alone can redress a past injury. But *Schnarr* is no longer good law as to standing. We held that a father suffered an injury based on the police killing of his son. *Schnarr*, 502 F.2d at 593. We further held that this past injury could be redressed by a declaration that certain Missouri statutes, which allowed some arrests through deadly means, were unconstitutional. *Id.* at 595. Regardless of whether the first holding is still good law, the Supreme Court abrogated the second, holding that the father's past injury could not be redressed by a declaratory judgment because no "present right" was at stake. *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 (1977). Similarly, the past seizure of Tink and Radar cannot be

redressed by a declaratory judgment because no "present right" related to those dogs is at stake.[1]

Myers also argues that the district court erred in failing to grant her an evidentiary hearing prior to ruling *sua sponte* on standing. We review a district court's failure to hold an evidentiary hearing on the issue of standing for abuse of discretion. *See United States v. 1998 BMW "I" Convertible Vin No. WBABJ8324WEM 20855*, 235 F.3d 397, 400 (8th Cir. 2000) ("As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, 'any rational mode of inquiry will do.'"); *see also United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Defendants also appeal the district court's refusal to hold an evidentiary hearing on the issue of standing . . . . We review the district court's action for abuse of discretion.") Myers alleges that "there were disputed factual issues and witness

---

[1]In her reply brief, Myers argues that a declaratory judgment would redress her past harm by opening up avenues of future litigation and encouraging public officials to make policy changes. She also argues that her claim for costs, attorneys' fees, and "all such other and further relief as this Court deems just and proper" (which Myers now argues could include "nominal or even unrequested compensatory damages") demonstrates her standing. "As a general rule, we will not consider arguments raised for the first time in a reply brief." *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006). Even were we to consider these arguments, they do not establish standing here. "We do not think that the boilerplate remedies language quoted above, broad and non-specific as it is, comports with the constitutional requirement of redressability . . . ." *United Food & Commercial Workers Int'l Union, Local 751 v. Brown Grp., Inc.*, 50 F.3d 1426, 1430 (8th Cir. 1995), *rev'd on other grounds, United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544 (1996). Also, Myers "cannot base standing on a claim for attorneys' fees" alone "[o]therwise the limitation of federal jurisdiction to cases and controversies would be empty." *See Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 665 (7th Cir. 2001). Finally, possible future litigation or policy changes are too speculative to involve "an adjudication of present right upon established facts." *See Aetna Life*, 300 U.S. at 242.

credibility determinations to be resolved" like in *1998 BMW*. But *1998 BMW* was not a "typical case" and saw "a warring paper record consisting of conflicting affidavit and deposition transcripts." *1998 BMW*, 235 F.3d at 399-400. Here, the record is clear. The district court did not question Myers's credibility, though it did conclude that her "argument [was] unconvincing" as to standing. Myers argues she should have had the opportunity to provide additional detail about her intention to obtain a pit bull. But additional details are not disputed facts. The district court did not abuse its discretion in not holding an evidentiary hearing prior to its *sua sponte* ruling in this case.

For all these reasons, we affirm.

_____