# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3794

_____

Rachael Danker; Jesse Johnson; Samantha Johnson

*Plaintiffs - Appellants*

Stephanie Nelson

*Plaintiff*

Aubrey Wilhite

*Plaintiff - Appellant*

Don Williams; Julie Williams

*Plaintiffs*

v.

The City of Council Bluffs, Iowa

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: September 22, 2022
Filed: November 10, 2022

_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Several dog owners—including Rachel Danker, Jesse Johnson, Samantha Johnson, and Aubrey Wilhite—sued the City of Council Bluffs challenging the constitutionality of an ordinance prohibiting "pit bulls." The district court[1] granted summary judgment to the City. The dog owners appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After an increase in dog bites during the early 2000s, the City enacted Municipal Code § 4.20.112. This Ordinance, effective January 1, 2005, prohibited "any person to own, possess, keep, exercise control over, maintain, harbor, transport, or sell within the city of Council Bluffs, Iowa, any pit bull." A "pit bull" was defined as

> Any dog that is an American Pit Bull Terrier, American Staffordshire Terrier, Staffordshire Bull Terrier, or any dog displaying the majority of physical traits of any one (1) or more of the above breeds (more so than any other breed), or any dog exhibiting those distinguishing characteristics which substantially conform to the standards established by the American Kennel Club or United Kennel Club for any of the above breeds.

The dog owners sued the City for injunctive and declaratory relief, arguing the Ordinance violated their constitutional rights under 42 U.S.C. § 1983. They claimed the ordinance was unconstitutionally vague and violated their right to substantive due process, equal protection, and procedural due process. The City moved for summary judgment on all counts. The district court granted its motion on all grounds, concluding that "the pit bull ordinance had the required rational

_____

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

-2-

relationship to the health, safety, and public welfare interests of the city to survive rational basis review." ***Danker v. City of Council Bluffs***, 569 F. Supp. 3d 866, 881 (S.D. Iowa 2021). The dog owners appeal only the equal protection and substantive due process claims. This court reviews de novo the grant of summary judgment. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). On summary judgment, this court views all evidence and reasonable inferences most favorably to the non-moving party. ***Meier v. St. Louis***, 934 F.3d 824, 827 (8th Cir. 2019). Deciding a motion for summary judgment, courts cannot weigh evidence or make credibility determinations. ***Anderson***, 477 U.S. at 255.

The dog owners argue the Ordinance is not rationally related to the City's legitimate government interest. A classification "that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." ***FCC v. Beach Commc'ns, Inc.***, 508 U.S. 307, 313 (1993). "On rational-basis review, a classification . . . comes to us bearing a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis that might support it.'" ***Id.*** at 314-15, *quoting* ***Lehnhausen v. Lake Shore Auto Parts Co.***, 410 U.S. 356, 364 (1973). "[A] legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." ***Id.*** at 315. "A law supported by some rational basis does not offend the constitution merely because it is imperfect, mathematically imprecise, or results in some inequality." ***Birchansky v. Clabaugh***, 955 F.3d 751, 758 (8th Cir. 2020). When the legislature has to engage in line drawing, "the precise coordinates of the resulting legislative judgment [are] virtually unreviewable, since the legislature must

be allowed leeway to approach a perceived problem incrementally." ***Beach Commc'ns***, 508 U.S. at 316.

On appeal, the parties agree the ordinance is subject to rational basis review because it does not infringe a fundamental right nor involve a suspect classification. *See id.* at 313. They further agree dog bites are a public health issue, so the Ordinance promotes the legitimate government interest of protecting the health and safety of the community.

The dog owners argue that their evidence negates every conceivable basis for the Ordinance's rational relationship. They presented evidence from canine behavior experts and recent scientific studies about predicting a dog's propensity to bite based on its breed. According to the dog owners, this evidence, viewed most favorably to them, negates every conceivable basis for the Ordinance by establishing: "(1) Pit Bull type dogs are no more or less dangerous than other breeds of dogs; (2) neither breed nor physical characteristics are predictive of a dog's aggressiveness or propensity to bite; and (3) the city's method of identifying dogs as Pit Bulls is inherently unreliable."

As for dangerousness, the dog owners argue that experts in canine genetics and behavior currently acknowledge that pit bulls are no more or less dangerous than similarly sized dogs of other breeds. The City counters with findings from the Council Bluff Animal Patrol showing pit bulls accounted for a disproportionate number of dog bites in Council Bluffs during 2003 and 2004. After the Ordinance was enacted, from 2007 through 2020, the number of reported dog bites in Council Bluffs generally declined and remained 25 percent lower than in the years before the Ordinance.

As for the relationship between a dog's breed or physical characteristics and its behavior, the dog owners' evidence not only fails to negate every conceivable basis, but actually supports some connection. The dog owners say, "It is well accepted among canine geneticists that environment has a greater effect on

-4-

determining behavioral differences between dogs than genetics does." The dog owners admit that behavior—to some extent—is heritable by stating, "While physical traits like coat color may be 100% heritable in a particular breed . . . heritability of behavioral traits is much lower." The dog owners further acknowledge some connection: "The mere existence of *some* connection between genetics and behavior is irrelevant when that connection has no predictive value."

As for the City's method of visually identifying a dog's breed, the dog owners argue that it is unreliable to determine the breed. Again, the dog owners' own evidence contradicts their argument. According to a study by the dog owners' animal behavior expert, a dog's predominant breed could be accurately identified using visual identification for 3 of 20 dogs—15 percent of the time. This study affirms that visual identifications can, however imperfectly, identify a dog's breed. While the City's decision to ban all pit bulls may result in "some inequalities," this does not make the Ordinance irrational. *See **Birchansky***, 955 F.3d at 758.

The record here does not negate every conceivable basis for the Ordinance's rationality.

The dog owners stress *Planned Parenthood of Minnesota,* where this court held that Planned Parenthood refuted every justification offered by the state to support its funding reduction. ***Planned Parenthood of Minn. v. State of Minn.***, 612 F.2d 359, 363 (8th Cir.), *aff'd*, 448 U.S. 901 (1980). The present case is distinguishable from *Planned Parenthood* because, on de novo review, the dog owners' evidence does not negate every conceivable basis for the Ordinance.

The dog owners also emphasize that district courts are divided on the constitutionality of pit bull bans (though appellate courts have not ruled on the merits of the precise issue here). *See generally **Frost v. Sioux City***, 920 F.3d 1158, 1161 (8th Cir. 2019) (dismissing plaintiff's constitutional challenge of the city's pit bull ban for lack of standing). The dog owners focus on *Dias v. City and County of Denver* as authority that pit bull bans are unconstitutional. ***Dias v. City and County***

*of Denver*, 567 F.3d 1169, 1183 (10th Cir. 2009). The present case is different from *Dias*. The *Dias* case was decided on a motion to dismiss, not summary judgment like here. The Tenth Circuit stressed that "the district court could not conclude at this early stage in the case that the Ordinance was rational as a matter of law" and the Tenth Circuit was "constrained to deciding if the complaint alleges facts sufficient to state a claim for relief." *Id.* at 1184. The Tenth Circuit expressly declined to rule on the merits stating that "whether the plaintiffs can marshal enough evidence to prevail on the merits of their claim that the Ordinance is irrational is a different matter entirely." *Id.* This court now decides the issue the Tenth Circuit avoided.

The City had a conceivable basis to believe banning pit bulls would promote the health and safety of Council Bluff citizens. After reports that a disproportionate number of dog bites were attributed to pit bulls, the City exercised its police power to regulate the ownership of dogs. *See Nicchia v. New York*, 254 U.S. 228, 230 (1920); *Lunon v. Botsford*, 946 F.3d 425, 430 (8th Cir. 2019). The City had to decide where to draw the line on which breeds to ban. While the resulting ordinance may be an imperfect fit, this court cannot second guess or judge the fairness of legislative choices on rational basis review. *See Beach Commc'ns*, 508 U.S. at 313; *Gallagher v. City of Clayton*, 699 F.3d 1013, 1020 (8th Cir. 2012) (holding the legislature's decision to draw a line and prohibit public smoking while allowing other harmful air pollutants satisfied rational basis). The equal protection analysis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Commc'ns*, 508 U.S. at 313. "[T]he Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all." *Dandridge v. Williams*, 397 U.S. 471, 486-87 (1970). "A rational basis that survives equal protection scrutiny also satisfies substantive due process analysis." *Exec. Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 569 (8th Cir. 2008), *citing Minn. v. Clover Leaf Creamery Co.*, 449 U.S. 456, 470 n. 12 (1981). Because the dog owners failed to negate every conceivable basis for the Ordinance's rationality, the Ordinance satisfies rational basis review and substantive due process analysis.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____