# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3139

_____

Alana S. Phillips

*Plaintiff - Appellant*

v.

Dr. Carlos Rocha, Mena Regional Health System Hospital Commission Member;
Michael Myers, Mena Regional Health System Hospital Commission Member;
Leon Philpot, Mena Regional Health System Hospital Commission Member; Paula
Brotherton, Mena Regional Health System Hospital Commission Member; John
Maddox, Mena Regional Health System Hospital Commission Member; Phillip
Hensley, Mena Regional Health System Hospital Commission Member; David
Gilbert, Mena Regional Health System Hospital Commission Member

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: March 7, 2024
Filed: March 12, 2024
[Unpublished]
_____

Before SHEPHERD, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Alana Phillips appeals the district court's[1] adverse grant of summary judgment in her pro se 42 U.S.C. § 1983 action alleging constitutional violations based on a municipal hospital's COVID-19 visitation policy. Upon careful de novo review, we conclude that Phillips lacked standing to bring this action. See Bernbeck v. Gale, 829 F.3d 643, 646 (8th Cir. 2016) (even if not raised by parties, standing is jurisdictional prerequisite that this court is obligated to scrutinize; standard of review). Phillips sought only injunctive and declaratory relief to redress her past injury of denied visitation at the hospital, and did not allege that she had concrete or imminent plans to return the hospital and again be subjected to the purportedly unconstitutional policy. See TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (standing requires plaintiff to show that she suffered actual or imminent injury, that defendant likely caused injury, and that injury would likely be redressed by judicial relief); Frost v. Sioux City, 920 F.3d 1158, 1162 (8th Cir. 2019) (plaintiff lacked standing to pursue declaratory and injunctive relief where she alleged only past injuries, and could not show ongoing or immediate threat of injury). Her requests for fees, costs, and "other or further relief as the Court deems just, proper, and equitable," were also insufficient to confer standing. See Uzuegbunam v. Preczewski, 141 S. Ct. 792, 801 (2021) (request for fees or costs cannot establish standing, because those awards are merely byproduct of suit); Frost, 920 F.3d at 1162 n.1 (8th Cir. 2019) (plaintiff could not base standing on claim for attorneys' fees alone, and boilerplate request for "all other relief" was insufficient to state claim for damages and establish standing). We modify the dismissal of Phillips's claims to be without prejudice. See Cnty. of Mille Lacs v. Benjamin, 361 F.3d 460, 464-65 (8th Cir. 2004).

The judgment is affirmed as modified. See 8th Cir. R. 47B.

————————————————

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.