# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2914

_____

Abigail Farella, All Others Similarly Situated; Logan W. Murphy, All Others
Similarly Situated

*Plaintiffs - Appellees*

v.

Benton County District Court, Div. 4

*Defendant*

District Judge A. J. Anglin

*Defendant - Appellant*

Gregg E. Parrish; Jay Saxton, Chief Benton County Public Defender

*Defendant*s

------------------------------

Quattrone Center for the Fair Administration of Justice

*Amicus Curiae*

American Civil Liberties Union Foundation; American Civil Liberties Union
Foundation of Arkansas; Deason Criminal Justice Reform Center; National
Association of Criminal Defense Lawyers; National Legal Aid and Defender
Association; National Association for Public Defense; New York University
School of Law Center on Race, Inequality, and the Law

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 15, 2026
Filed: May 18, 2026

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Abigail Farella and Logan Murphy, serving as representatives for a certified class of pretrial detainees, allege that Benton County District Judge A.J. Anglin's bail hearing practices violated their Sixth Amendment right to counsel and their Fourteenth Amendment rights to due process and equal protection of the law. The plaintiffs and Judge Anglin filed cross-motions for summary judgment, and the district court granted the plaintiffs' motion and denied Judge Anglin's motion. Having jurisdiction under 28 U.S.C. § 1291, we vacate and remand to the district court.

I.

In May 2022, Bentonville Police Department (BPD) officers arrested Abigail Farella. She appeared before Judge Anglin, a state district court judge in Benton County, Arkansas, two days after her arrest. Judge Anglin set Farella's bail at $10,000 and scheduled her arraignment. She was not represented by an attorney. After setting Farella's bail, Judge Anglin found her indigent and appointed a public defender to represent her at future proceedings. Farella remained incarcerated in the Benton County Jail for more than five weeks until another judge vacated her bail. Ultimately, in July 2023, Farella pled guilty to a misdemeanor property theft charge and was sentenced to time served.

Logan Murphy's case proceeded similarly. In June 2022, BPD officers arrested him, and he appeared before Judge Anglin the following morning. Judge Anglin set his bail at $40,000 and scheduled his arraignment. Like Farella, Murphy was not represented by an attorney. After setting his bail, Judge Anglin found Murphy indigent and appointed a public defender to represent him at future proceedings. Murphy pled guilty to felony fleeing in June 2023 and was sentenced to time served (113 days) and 60 months' probation.

The Arkansas Rules of Criminal Procedure provide that bail determinations are to be made at a defendant's "first appearance," Ark. R. Crim. P. 8.5, which is to be held "before a judicial officer without unnecessary delay"; this is referred to as a "Rule 8.1 hearing." Ark. R. Crim. P. 8.1. At this hearing, the prosecutor must make a bail recommendation to the judge. Ark. R. Crim. P. 8.5. The judge must then weigh the factors relevant to pretrial release, Ark. R. Crim. P. 8.5(b), as well as those concerning the appropriate bail amount, Ark. R. Crim. P. 9.2(c), and decide whether to release a defendant or set bail, Ark. R. Crim. P. 9.1-9.3. Finally, the judge "shall determine whether the defendant is indigent and, if so, appoint [] counsel" for the defendant. Ark. R. Crim. P. 8.2(a). No action beyond the "pretrial release inquiry may be taken until the defendant and his counsel have had an adequate opportunity to confer." Ark. R. Crim. P. 8.3.

Judge Anglin conducts Rule 8.1 hearings. His jurisdiction to do so derives from Arkansas Supreme Court Administrative Order 18. It provides, in relevant part, that: "[a] state district court judge may be referred matters pending in the circuit court," including "conduct[ing] a first appearance pursuant to Rule 8.1, at which the judge may appoint counsel pursuant to Rule 8.2; . . . conduct[ing] a pretrial release inquiry pursuant to Rules 8.4 and 8.5; or releas[ing] a defendant from custody pursuant to Rules 9.1, 9.2, and 9.3." The Benton County circuit judges permit district judges to perform all the functions listed above. Benton County has four district judges and each conducts approximately 25 percent of the county's Rule 8.1 hearings in both felony and misdemeanor cases.

-3-

After they had their Rule 8.1 hearings before Judge Anglin, Farella and Murphy, on behalf of a proposed class (collectively, Plaintiffs), sued Judge Anglin and the Benton County District Court, Division 4. However, they subsequently amended their complaint and removed the judicial district as a defendant and added Gregg Parrish, the Executive Director of the Arkansas Public Defender Commission, and Jay Saxton, Chief Benton County Public Defender, as additional defendants (collectively, Defendants). The complaint defines the class as "those indigent individuals who will appear before Judge Anglin for a bail hearing, and have been or will be denied the right to counsel at the bail hearing, in violation of the federal Sixth and Fourteenth Amendments to the U.S. Constitution." The complaint alleges that because the named Plaintiffs were denied representation by counsel at their initial bail hearings before Judge Anglin, Defendants violated (1) their right to counsel under the Sixth Amendment, as applicable under the Due Process Clause of the Fourteenth Amendment, (2) their right to due process guaranteed by the Fourteenth Amendment, and (3) their right to equal protection guaranteed by the Fourteenth Amendment. Plaintiffs do not contend that their Rule 8.1 hearings before Judge Anglin violated any of the Arkansas Rules of Criminal Procedure. Plaintiffs seek a permanent injunction and a declaratory judgment recognizing that indigent persons must have appointed counsel present at bail hearings.[1]

Judge Anglin and the public defender defendants separately moved to dismiss Plaintiffs' amended complaint. The district court denied both motions. Subsequently, the district court granted Plaintiffs' class certification motion. Plaintiffs and Judge Anglin then moved for summary judgment. The public defender defendants filed a response to Plaintiffs' motion; they took no position on Plaintiffs' request for declaratory judgment but opposed Plaintiffs' request for a permanent injunction. The district court granted Plaintiffs' motion and denied Judge Anglin's motion. It held that Plaintiffs' Sixth Amendment right to counsel attached at their

---

[1]Judge Anglin appointed counsel for both Farella and Murphy at the end of their respective Rule 8.1 hearings. Accordingly, we construe Plaintiffs' complaint to be seeking that counsel be appointed at the beginning of an indigent defendant's Rule 8.1 hearing—before a bail determination is made.

respective Rule 8.1 hearings before Judge Anglin and that Judge Anglin's bail determination was a critical stage for Sixth Amendment purposes. It thus concluded that Plaintiffs' Sixth Amendment rights were violated when they were not provided counsel when Judge Anglin made their bail determinations. The district court concluded that because Plaintiffs' Fourteenth Amendment due process and equal protection claims mirrored their Sixth Amendment claim, "the Court's analysis and conclusion would ultimately be the same," and therefore it declined to address these claims. As such, the district court granted Plaintiffs' request for declaratory judgment as to Count I—that Defendants violated Plaintiffs' Sixth Amendment right to counsel as applied via the Fourteenth Amendment—of the amended complaint. It also entered a permanent injunction ordering that Defendants "must ensure that indigent defendants are represented and appointed counsel at Judge Anglin's [bail-setting] Hearings." Judge Anglin appeals.[2]

## II.

Judge Anglin contends that Plaintiffs lack standing because they did not show that they suffered an injury redressable by prospective relief. Although standing was not raised by the parties below or addressed by the district court, the question of standing "cannot be waived by the parties or ignored by the court." Brooks v. City of Des Moines, 844 F.3d 978, 979 (8th Cir. 2016) (citation omitted). Thus, we may consider it even when it is raised for the first time on appeal. See Goos v. ICC, 911 F.2d 1283, 1289 (8th Cir. 1990). "Because standing is a threshold inquiry into federal court jurisdiction, we begin -- and end -- our analysis there." Ojogwu v. Rodenburg L. Firm, 26 F.4th 457, 461 (8th Cir. 2022) (citation omitted).

Pursuant to Article III's case-or-controversy requirement, a plaintiff must have standing to bring a lawsuit. See Christian Lab. Ass'n v. City of Duluth, 142 F.4th 1107, 1110 (8th Cir. 2025). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or

---

[2]Neither Parrish nor Saxton appealed the district court's summary judgment order.

-5-

imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). Class actions are subject to these same requirements. See Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1034 (8th Cir. 2010); see also TransUnion LLC, 594 U.S. at 431 ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." (citation omitted)). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Application of this principle determines the outcome of the case.

In their amended complaint, Plaintiffs seek prospective relief that counsel be appointed for indigent persons so that they are represented when Judge Anglin makes a bail determination.[3] They request both a declaratory judgment and a permanent injunction. Plaintiffs allege that "[b]y denying the Plaintiffs representation by counsel at their initial bail hearings," Defendants violated their Sixth Amendment right to counsel and their Fourteenth Amendment due process and equal protection rights. To establish standing for prospective relief, "plaintiffs must [either] show they are likely to suffer future injury that will be remedied by the relief sought," Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006), or that they are experiencing "continuing, present adverse effects" from "[p]ast exposure to illegal conduct," O'Shea, 414 U.S. at 495-96.

First, Plaintiffs cannot demonstrate that they face "a real and immediate threat that [they] would again suffer similar injury in the future." Frost v. Sioux City, 920 F.3d 1158, 1161 (8th Cir. 2019) (citation omitted). The Supreme Court's decision

---

[3]Although Judge Anglin asserts that the district court, in part, granted retrospective declaratory relief, Plaintiffs, in their amended complaint, seek only prospective relief. In any case, we have previously held that "declaratory relief is limited to *prospective* declaratory relief." Just. Network Inc. v. Craighead Cnty., 931 F.3d 753, 764 (8th Cir. 2019). Moreover, injunctions are "inherently prospective and cannot redress past injuries." Frost v. Sioux City, 920 F.3d 1158, 1161 (8th Cir. 2019).

in O'Shea v. Littleton is instructive. There, a class of plaintiffs sought injunctive relief against the Alexander County State's Attorney, his investigator, and the Cairo Police Commissioner alleging "a pattern and practice of intentional racial discrimination in the performance of their duties, by which the state criminal laws and procedures are deliberately applied more harshly to black residents of Cairo and inadequately applied to white persons who victimize black[] [residents]." O'Shea, 414 U.S. at 490-91. The Supreme Court held that the plaintiffs did not have standing to seek injunctive relief as "the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners." Id. at 496. The Court concluded that anticipating such future events "takes us into the area of speculation and conjecture" and that the "course of conduct [Plaintiffs'] attack is simply too remote to satisfy the case-or-controversy requirement." Id. at 497-98.

So too here, the prospect of future injury requires that Plaintiffs will again be arrested and charged with violating the criminal law and be brought before Judge Anglin for a bail-setting hearing without the appointment of counsel. This future chain of events is too speculative to establish standing. See Frost, 920 F.3d at 1161 (holding that where "the threat of future injury . . . is 'conjectural or hypothetical,'" it is "insufficient to confer standing"); see also City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) ("That Lyons may have been illegally choked by the police on October 6, 1976, while presumably affording Lyons standing to claim damages . . . does nothing to establish a real and immediate threat that he would again be stopped . . . by an officer or officers who would illegally choke him into unconsciousness . . . .").

Accordingly, Plaintiffs' only other avenue to establish standing is to show that their past exposure to illegal conduct "is accompanied by 'continuing, present adverse effects.'" In re Pre-Filled Propane Tank Antitrust Litig., 893 F.3d 1047, 1055 (8th Cir. 2018) (citation omitted). Plaintiffs contend that their amended complaint asserts an ongoing injury as it alleges that they were residing in the Benton County Jail at the time they filed the complaint and that they were confined for

approximately a month after their initial appearances. Even assuming that Plaintiffs' allegation satisfies the injury requirement, their requested relief does not redress this injury. Indeed, Plaintiffs sought a declaratory judgment and a permanent injunction requiring that counsel be appointed for indigent defendants before Judge Anglin makes a bail determination *in the future*. Plaintiffs do not explain, nor can we discern, how this requested relief would alleviate the harm associated with being confined to a jail cell in the past. See Pharm. Rsch. & Mfrs. of Am. v. Williams, 64 F.4th 932, 940 (8th Cir. 2023) ("[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself." (alteration in original) (citation omitted)).

Moreover, contrary to Plaintiffs' assertions, the Supreme Court's decision in County of Riverside v. McLaughlin, 500 U.S. 44 (1991) is not analogous. In McLaughlin, the plaintiffs, via a class action, challenged the defendant county's failure to provide prompt judicial probable cause determinations to individuals arrested without a warrant. Id. at 49. The plaintiffs sought declaratory relief and an injunction that all individuals be provided with a probable cause determination within 36 hours of arrest. Id. at 48-49. At the time the complaint was filed, the plaintiffs had been arrested without warrants, were held in custody, and had not yet received a probable cause determination. Id. at 51. The Supreme Court held that the plaintiffs satisfied the constitutional requirements of standing, reasoning that when the complaint was filed, the plaintiffs' "injury was at that moment capable of being redressed through injunctive relief." Id. Here, by contrast, Judge Anglin had already held Rule 8.1 hearings for Farella and Murphy—where he set bail before he appointed counsel—when they filed their complaint. Plaintiffs do not seek damages for this past harm; they only seek declaratory and injunctive relief that counsel be appointed for future indigent defendants. Therefore, at the time that the Plaintiffs filed the complaint, their past injury, not being provided counsel at the start of their Rule 8.1 hearings, was not redressable by their sought prospective relief. Appointing counsel to represent future defendants does nothing to alleviate any past harm Plaintiffs may have suffered.

As Farella and Murphy have not alleged a redressable injury, they have failed to satisfy the constitutional requirements of standing. Thus, it is unnecessary for us to address mootness or the merits of this case. See Christian Lab. Ass'n, 142 F.4th at 1111 ("No standing, no decision on the merits.").

## III.

For the foregoing reasons, we vacate the district court's judgment and remand with instructions to dismiss the case.

_____